KING, P.J.,
for the court.
¶ 1. Dawn Sonnenburg was convicted of aggravated assault in the Jackson County Circuit Court. Sonnenburg was sentenced to a term of ten years, with the last nine years under post-release supervision following service of one year in the custody of the Mississippi Department of Corrections and completion of the restitution center, and ordered to pay $3,500 as restitution to the victim. Sonnenburg has appealed and raised the following issue:
¶ 2. Whether the trial judge erred in denying the motion for a new trial based on newly discovered evidence.
FACTS
¶3. Greg Sonnenburg testified that on the evening of April 20, 1998, he called his wife, Dawn, from whom he was separated, to get his truck so that he could go to the doctor. When Mr. Sonnenburg called, a male named Marty Michaels answered the phone. As a result of this conversation, Mr. Sonnenburg and Mr. Michaels agreed to meet and fight. There were several witnesses to this incident. Mr. Michaels had a baseball bat which was taken away from him by one of the viewers before the incident began.
¶4. Once the confrontation ended, Mr. Sonnenburg went back to his trailer. Mrs. Sonnenburg and Mr. Michaels left the area. Mr. Sonnenburg testified that at approximately 2:00 a.m., while he was lying on the sofa, his door was kicked in and he was attacked. Mr. Sonnenburg stated that three people, Mrs. Sonnenburg, Mr. Michaels and an unknown third person struck him.
¶ 5. Mrs. Sonnenburg testified to having returned to the trailer on April 21,1998, at 2:00 a.m. with Mr. Michaels to see if Mr. Sonnenburg was there. Her stated purpose was to tell him to vacate the trailer of which she had temporary possession by court order. Mrs. Sonnenburg denied striking Mr. Sonnenburg, but stated that Mr. Michaels hit him twice with a baseball bat in an effort to defend her. Mrs. Son-nenburg testified that she took the bat away from Mr. Michaels.
¶ 6. After the attack, Mr. Sonnenburg ran from the trailer and laid in the ditch while yelling for help. He was taken to a neighbor’s trailer where he remained until transported by ambulance to Ocean Springs Hospital, where he stayed for approximately three days.
¶ 7. Mrs. Sonnenburg and Mr. Michaels were indicted for aggravated assault. In March 1999, Mrs. Sonnenburg was in *680 volved in an automobile accident which caused her to have some memory problems.
¶ 8. On July 18, 1999, Mr. Michaels died. Therefore, the court on September 3, 1999, entered an order of nolle prosequi as to him.
¶ 9. On May 22, 2000, the jury found Mrs. Sonnenburg guilty of aggravated assault. After a presentence investigation, the court on November 17, 2000, sentenced Mrs. Sonnenburg to a term of ten years, with the last nine years suspended under post-release supervision, upon completion of one year in the custody of the Mississippi Department of Corrections, and completion of the restitution center and to pay $3,500 to the victim for restitution.
¶ 10. On November 30, 2000, Mrs. Son-nenburg filed a motion for a new trial alleging the discovery of a witness named Brandon Pace and new evidence. After a January 26, 2001 hearing, the motion was denied.
ISSUE AND ANALYSIS
Whether the trial judge erred in denying the motion for a new trial based on newly discovered evidence.
¶ 11. Mrs. Sonnenburg contends that her memory impairment by the March 1999 automobile collision precluded her recollection of Brandon Pace as a witness to the assault. Mrs. Sonnenburg offered this testimony at trial:
Q. And the people in the car were you and Marty; is that right?
A. Yes, sir.
Q. And who else?
A. That’s all that was with me was Marty. I don’t know who this third person is.
Q. That’s what I was going to ask you about. There wasn’t a third person?
A. No, sir, not with me and Marty that night. No.
Q. You heard these guys testify that there was another person?
A. Yeah.
Q. That’s just not the case?
A. No.
Q. Okay. Well, you’d remember if it was, wouldn’t you?
A. Oh, yes, of course.
Q. I mean, that would be something you would remember?
A. In my car, yes, sir, I would remember that.
¶ 12. The trial judge also determined that in addition to having been reasonably subject to discovery prior to trial, that Mr. Pace’s testimony would merely be cumulative to that of Mrs. Sonnenburg. At the hearing on the motion for a new trial, Mr. Pace testified that Mrs. Sonnenburg did not assault Mr. Sonnenburg. This was the same testimony offered by Mrs. Sonnen-burg at trial.
¶ 13. Mrs. Sonnenburg now asserts that Mr. Pace would be able to provide testimony that she did not strike Mr. Sonnenburg. In ruling on this motion, the trial judge stated that it was questionable whether the testimony given by Pace was discovered after the trial or that it could not have been discovered with due diligence prior to the commencement of trial. The trial judge further noted:
There was a co-defendant involved in this case who could have been interviewed at any time prior to his death in July of 1999. Further, the newly discovered witness is the fiancé of Sonnen-burg’s niece, who surely would have been aware of the pending criminal matter. Additionally, the assault in question happened on or about April 21, 1998 while Sonnenburg’s car accident did not occur until March of 1999 ... Most im *681 portantly, however, Sonnenburg did not claim memory loss during her testimony at trial. Instead, she testified in detail regarding the events as she remembered them.
¶ 14. The standard of review regarding the granting of a motion for a new trial is as follows:
The Mississippi Supreme Court stated that the movant seeking a new trial based on newly discovered evidence must provide evidence which satisfies the following elements: (1) that the new evidence was discovered since the trial, (2) that when using due diligence the evidence could not be discovered prior to trial, (3) that the evidence is material to the issue and that it is not merely cumulative or impeaching, and (4) that the evidence will probably produce a different result or verdict in the new trial. Whether the newly discovered evidence presented will likely change the outcome if a new trial were granted is a determination made by the trial court in its discretion and will not be overruled by this Court unless it is an abuse of discretion.
Williams v. State, 754 So.2d 591' (¶ 7) (Miss.Ct.App.2000) (citations omitted).
¶ 15. The trial court found that Brandon Pace was discoverable as a witness prior to trial and his testimony was cumulative. The record before this Court does not undermine that finding.
¶ 16. Because this witness (Brandon Pace) could have been discovered prior to trial and would have offered testimony cumulative to that of Mrs. Sonnenburg, we affirm the decision of the trial court.
¶ 17. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS WITH ONE YEAR TO SERVE AND NINE YEARS SUSPENDED ON POST-RELEASE SUPERVISION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND PAY $3,500 RESTITUTION TO THE VICTIM IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.